UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v -                          :     INFORMATION

JAMES DOOLAN,                     :     08 CRIM 113

    Defendant.                    :

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 11 20__

### COUNT ONE

(Conspiracy to Commit Securities Fraud)

The United States Attorney charges:

### BACKGROUND

1. Smart Online is a corporation organized under the laws of the State of Delaware with its headquarters in Durham, North Carolina. Smart Online develops and markets internet-delivered software applications and data resources to operate small businesses.

2. On or about April 15, 2005, the common stock of Smart Online began trading under the symbol "SOLN" on the National Association of Securities Dealers' Over-The-Counter Bulletin Board, a regulated quotation service that displays real-time quotes, last-sale prices, and volume information for certain over-the-counter securities.

3. At all times relevant to this Information, JAMES DOOLAN, the defendant, was a registered representative of the Manhattan branch office of a brokerage firm.

## THE SCHEME TO DEFRAUD

4.  From in or about May 2005 through in or about July 2007, JAMES DOOLAN, the defendant, and others known and unknown, participated in a fraudulent scheme to manipulate artificially the market price and demand for Smart Online stock and to defraud the purchasers of Smart Online stock. In order to generate an artificial demand for Smart Online stock, DOOLAN, and others known and unknown, were paid secret bribes, or "kickbacks," by the former Chief Executive Officer of Smart Online, and others known and unknown, in order to induce DOOLAN and others to sell Smart Online stock to their brokerage customers.

5.  In soliciting purchases of Smart Online stock, JAMES DOOLAN, the defendant, and others known and unknown, did not disclose to their customers, notwithstanding their respective fiduciary duties to do so, the fact that: (1) they had been induced to recommend Smart Online stock by means of secret bribes; or (2) they had in fact received such bribes. In addition, the statements that DOOLAN and others made to their customers about Smart Online were materially misleading in light of the omitted information described above.

## THE CONSPIRACY

6.  From in or about May 2005 through in or about July 2007, in the Southern District of New York and elsewhere, JAMES DOOLAN, the defendant, and others known and unknown, unlawfully,

willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5.

      7.   It was a part and object of the conspiracy that JAMES DOOLAN, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of the securities of Smart Online, Inc., in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (1) employing devices, schemes and artifices to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon the investing public and other persons and entities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

<u>MEANS AND METHODS OF THE CONSPIRACY</u>

      8.   Among the means and methods by which JAMES DOOLAN,

the defendant, and his co-conspirators would and did carry out the objects of the conspiracy were the following:

  a. DOOLAN and others received undisclosed compensation in the form of cash bribes in exchange for selling Smart Online stock to their brokerage customers, as to whom they owed a fiduciary duty.

  b. DOOLAN and others used the facilities of interstate commerce, including the use of interstate telephone calls, the mails, and wire communications in furtherance of their illegal scheme.

## OVERT ACT

9. In furtherance of the conspiracy and to effect its illegal objects, JAMES DOOLAN, the defendant, committed the following overt act, among others, in the Southern District of New York and elsewhere:

  a. On or about January 13, 2006, DOOLAN was paid approximately $1,000 in United States currency in New York, New York, in exchange for purchasing shares of Smart Online for his brokerage customers.

(Title 18, United States Code, Section 371).

## COUNT TWO
(Securities Fraud)

The United States Attorney further charges:

10. The allegations contained in paragraphs 1 through

4

5, 8 and 9 of this Information are repeated and realleged as if fully set forth herein.

11. From in or about May 2005 through in or about July 2007, in the Southern District of New York and elsewhere, JAMES DOOLAN, the defendant, unlawfully, willfully, and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in connection with the purchase and sale of Smart Online securities.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18, United States Code, Section 2).

## FORFEITURE ALLEGATION

12. As a result of committing one or more of the foregoing securities fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 and 10b5-2, as alleged in Counts One and Two of this Information, JAMES DOOLAN, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses alleged in Counts One and Two of this Information.

### Substitute Assets Provision

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

>  (i)   cannot be located upon the exercise of due diligence;
>  (ii)  has been transferred or sold to, or deposited with, a third party;
>  (iii) has been placed beyond the jurisdiction of the court;
>  (iv)  has been substantially diminished in value; or

    (v)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

  (Title 15, United States Code, Sections 78j(b), 78ff;
  Title 18, United States Code, Sections 371 and 981;
   Title 21, United States Code, Section 853(p);
   Title 28, United States Code, Section 2461;
   and Title 17, Code of Federal Regulations,
    Sections 240.10b-5 and 240.10b5-2)

*/s/ Michael Garcia*
MICHAEL J. GARCIA
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

JAMES DOOLAN,

**Defendant.**

**INFORMATION**

08 Cr.

(Title 18, United States Code, Sections 2 & 371; Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5)

MICHAEL J. GARCIA
United States Attorney.

2/11/08 FLD INFORMATION AND WAIVER. DEFT CONSENTS TO ENTER FELONY PLEA BEFORE MAG JUDGE (GORENSTEIN). DEFT WITHDRAWS HIS INITIAL PLEA OF NOT GUILTY AND ENTERS GUILTY PLEA TO COUNTS 1 AND 2 (AS CHARGED) AS I ORDERED.
GORENSTEIN M.J.